HAWKINS, Judge.
 

 The conviction is for manslaughter, punishment being five years in the penitentiary.
 

 This is the second appeal. The opinion upon the first will be found reported in 89 Tex. Cr. R. 486, 231 S. W. 389. Appellant vigorously assails by many objections the charge given upon the issue of provoking the difficulty. It is as follows:
 

 “You are further instructed as part of the law of this case, and as a qualification of the law of self-defense, that if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Tom Garner immediately before the difficulty, then and there did some act, or used some language, or did both, as the case may be, with the intent on his, the defendant’s part, to produce the occasion for killing the deceased, George Tibbetts, and to bring on the difficulty with the said George Tibbetts, and that such conduct on the defendant.’a part, if there was such, was reasonably calculated to
 
 *652
 
 nrovoke a difficulty, and that on such account the said George Tibbetts attacked defendant, or reasonably appeared to defendant to attack him, or to be about to attack him, and that the defendant then killed the said George Tibbetts in pursuance of his original design, if you find there was such or, if the defendant provoked the difficulty that resulted in the death of the deceased, and by his own wrongful act, if any, produced a necessity for taking the life of the deceased, but in doing so, if he did so, he had no intention to kill the deceased or inflict upon him serious bodily injury, and suddenly under the immediate influence of sudden passion arising from an adequate cause, as heretofore stated in this charge, he shot and killed deceased, then you will find the defendant guilty of manslaughter, but, on the other hand, if you should find that the act done, or language used by defendant, if any, was not calculated or intended to provoke a difficulty, or an attack by the deceased upon the defendant, then and in such event the defendant’s right of self-defense would not in anywise be abridged or lessened, and you will decide in that event the issue of self-defense in accordance with the law on that subject, contained in paragraphs 6 and 7 of this charge, and without reference to the law on the subject of provoking the difficulty.”
 

 The part of the charge most seriously assailed is that part reading,
 
 “Or
 
 if the defendant provoked the difficulty that resulted in the death of deceased, and by his own wrongful act, if any, produced a necessity for taking the life of deceased,” etc., the jury would find defendant guilty of manslaughter. It is insisted that the language last quoted is practically the same language condemned in Mason v. State, 88 Tex. Cr. R. 642, 228 S.
 
 W.,
 
 952. The entire charge on provoking the difficulty given in Mason’s case is set out in the opinion. The language here specifically complained of was practically all the law given the jury on that subject in the Mason case, and was by us held incomplete and erroneous for the reasons therein stated, and our views given as to what a proper charge upon the subject should contain. The learned trial judge who tried the present case did not fall into the error committed in Mason’s case, but appears to have embraced in his instructions the suggestions contained in that opinion. The charge here submitted appears to be almost a literal copy of that set out in Puryear v. State, 56 Tex. Cr. R. 231, 118 S.
 
 W.
 
 1042, which received the endorsement of this court in an opinion written by Judge Ramsey, the only' changes made being those called for by the different facts and circumstances of the two cases. In Puryear’s case the facts called for a charge applicable to both murder and manslaughter, while here appellant was upon trial for manslaughter alone. The specific language to which criticism is addressed would be erroneous if standing alone as it did in Mason’s case, but
 
 *653
 
 ■when the entire charge here given upon the subject is considered we think the objection not well taken. The wording of the charge both preceding and following the particular language criticised makes clear to the jury we think what “provocation” or “wrongful acts” the court referred to, and we think the charge not subject to the construction that the jury were thereby left free to wander through the record at will and appropriate anything which they might construe to have been wrongful or provocative.
 

 Appellant calls our attention to a suggestion in the opinion on the former appeal that a special charge then asked should have been given after eliminating some objectionable matter, and avers that the charge was modified to meet the view of this court, and was again requested and refused on the present trial, which refusal is claimed to have been erroneous. The charge in question is set out in the former opinion, and the announcement then made that it should have been given was thought to be pertinent in view of the record then before us, but the instructions here given in the main charge heretofore quoted embraces the matter included in such special charge and rendered it unnecessary to give the special charge covering the same subject.
 

 Appellant requested several special charges, some of which are thought to be upon the weight of the testimony. Others singled out certain words and acts claimed to have been said and done by appellant, and sought to have the jury told that unless they were reasonably calculated to provoke a difficulty his right of self-defense would be unimpaired. We think the court’s main charge more concise and pertinent in advising the jury that if they found that “the act done, or language used by defendant, if any, was not calculated or intended to provoke a difficulty, or an attack by the deceased upon the defendant, then and in such event the defendant’s right of self-defense would not in anywise be abridged or lessened,” and directing them if they so found to' then determine the issue of self-defense without reference to the instructions relative to provoking the difficulty. This charge appears to be so framed as to protect appellant’s right in the premises, and we think the special requested charges uncalled for.
 

 Over the objection that a proper predicate had not been laid therefor the state reproduced the testimony of J. D. Gunn taken upon a former trial of this case. As establishing the predicate the State proved by the witness Cooksey that he was acquainted with Gunn and thought he was then living at Albuquerque, New Mexico; that he had seen him at that place in August, 1922 at which time he was living at Albuquerque; that prior to this time he had seen Gunn at Cuba and also at Temporai, New Mexico; that prior to the said Gunn moving to Albuquerque he was living at Cuba and that witness helped him move from Cuba to Albuquerque. Witness said he had not seen Gunn since
 

 
 *654
 
 he had moved him to Albuquerque in August, 1922; that he did not know where he was at the present time, but the last account he had of them they were living at Albuquerque, New Mexico. Whitten upon this point testified that he did not know where Gunn was living at the present time but that he saw him in Temporal, New Mexico about the first of July, 1922; that Gunn was attending a trial there and told witness he was living at Cuba, New Mexico; that Gunn moved away from Motley County, Texas about the first of January, 1922; witness said he was well acquainted in the part of Motley County where Gunn had lived and had no heard of Gunn being back in that part of the country since he had moved away. In support of his objection appellant cites Anderson v. State,-Tex. Cr. R.-, 170 S. W. 142; Wingo v. State, -Tex. Cr. R. -, 229 S. W. 859;-Smith v. State, - Tex. Cr. R. -, 85 S; W. 1153. We do not regard these cases as being directly in point. In Anderson ‘'s case it was held that the predicate did not show a permanent removal from the State of the witness whose testimony was sought to be reproduced, also that such predicate as was sought to be laid was proven by hearsay testimony. In Wingo’s case the whole testimony upon which the predicate was sought to be based amounted to no more that showing that no witness knew, where the absent witness was a.t the time of trial; there was no evidence that he had removed from the state at all. In Smith’s case the absent witness had only told another party that he was going back to North Carolina, but there was no evidence introduced showing that he had in fact left the state of Texas. We are inclined to the view that the evidence here shows that the witness Gunn had removed from the state of Texas to the state of New Mexico, and there is nothing to indicate that his removal was other than that of a permanent character. In our judgment the predicate was sufficient to authorize the reproduction of his evidence under the authority of Brent v. State. 89 Tex. Cr. R. 546; 232 S. W. 845; Mitchell v. State, - Tex. Cr. R. -, 144 S. W. 1006; Brant v. State, 67 Tex. Cr. R. 155, •- S. W. -; Menges v. State, 21 Tex. Cr. R. 413; S. W. --- Whorton v. State, 69 Tex. Cr. R. 1. - S. W. -. In the case last cited many authorities other than those here referred to are collated and the question appears to have been thoroughly considered, the court as then constituted not being in accord upon the subject. We quote from the majority opinion in that case as follows:
 

 “Many other cases could be cited, but they all adhere to the holding that when a witness is shown to have permanently removed beyond ai jurisdiction, the evidence is admissible; otherwise when his absence is only temporary, and in this case the evidence was that the removal was permanent, and when it is once shown that the witness has
 
 *655
 
 permanently removed beyond the jurisdiction of the court, it is not necessary to show his exact whereabouts on the day of trial. To place such a burden on the State or defendant would in effect exclude the testimony in almost every instance.”
 

 We have discovered no error in the record which calls for a reversal and the judgment is ordered affirmed.
 

 Affirmed.