BOWIE *v.* TEMPLE COTTON OIL COMPANY.

4-8156

201 S. W. 2d 32

Opinion delivered April 21, 1947.

536

*George F. Hartje,* for appellant.

*John W. George* and *Clark & Clark,* for appellee.

McHANEY, Justice.  The appeal on behalf of Bowie has been abandoned, and only that of Brockinton is here considered.

Bowie operated a cotton gin at or near Holland in Faulkner county in 1941 and 1942 and was financed for the purpose of buying cotton and seed by appellee.  At the close of the 1941 season Bowie was in debt to it in the sum of $2,800.  This account was closed with a promissory note dated May 27, 1942, due on or before October 15, 1942, with 6 per cent. interest from January 1, 1942, and signed by Bowie and Brockinton.  At the time of signing said note by Brockinton, appellee gave him the following receipt:  "Received of L. S. Brockinton one note for $2,800 in form Temple Cotton Oil Company signed by N. E. Bowie and co-signed by L. S. Brockinton.  It is agreed and understood that the said note is to be paid by M. E. Bowie out of his first cotton seed the fall of 1942, and if not paid by M. E. Bowie will be agreeable for to pay in cash."

This note not having been paid, appellee brought this action in the circuit court on January 1, 1945, against the makers to recover judgment against them on the note and against Bowie for an additional sum on open account accruing in 1942 and 1943, subsequent to the date of said note.  The account was composed of hundreds of items, and the court, on its own motion and without objection, transferred the action to chancery.  Brockinton's defense to the action on the note was that Bowie had delivered to appellee cotton seed in the fall of 1942, in accordance with the receipt above quoted, of a value in excess of the principal of and interest on said note, and that, instead of giving credit on said note, as agreed, it credited Bowie's subsequent open account with the proceeds, thereby discharging him from liability.  He also defended on the ground that he was a surety on said note without consideration.

Trial resulted in a decree against Bowie and Brockinton on account of said note for $3,542 with interest from May 31, 1946, at 6 per cent. and costs. This appeal followed.

Appellant's first and chief contention for reversal is that he was not a surety for hire, but was an accommodation surety only, and that under the agreement or receipt above quoted to the effect that the note was to be paid by Bowie out of the cotton seed delivered by Bowie to appellee in the fall of 1942, it was appellee's duty to apply the proceeds of the seed to the extinguishment of said note, and not to Bowie's open account. It is argued that Bowie delivered to appellee more than 304 tons of cotton seed in the fall of 1942, and at the prevailing price the value of the seed was more than three times the amount of the note.

Assuming without deciding that Brockinton was a surety only, the result claimed does not follow. The receipt implies that Bowie would deliver his own seed in order to extinguish the note, but the record fails to show that Bowie did actually deliver any cotton seed of his own to appellee in the fall of 1942. On the contrary, the evidence shows that Bowie did not own any cotton seed that fall, but that he purchased both cotton and seed as agent for appellee with appellee's money. Bowie's evidence was to the effect that he bought for appellee and that the latter was due him a commission and drayage fee for buying and hauling. It is undisputed that appellee furnished all the money to buy cotton and seed. Since Bowie delivered no seed of his own to appellee in the fall of 1942, but only such seed as belonged to appellee, it follows that no credits accrued that should have been applied on said note.

Another argument made is that appellant's signature on said note was procured by fraud, but we fail to find any evidence to support the contention.

The decree is accordingly affirmed.

ROBINS, J., not participating.