## GEORGE BROWN V. STATE.

No. 24156. November 10, 1948.
Rehearing Denied January 19, 1949.

2

*A. W. Salyars,* and *Campbell & Adams,* Lubbock, *Grady Sturgeon, Sr.,* Paris, (attorney on appeal) for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder, with punishment assessed at fifteen years in the penitentiary.

That appellant shot and killed deceased is not disputed and was, accordng to the state's witnesses, unjustified. According to the appellant, it was a killing in self-defense, upon danger, real and apparent, and threats.

Appellant owned a shine parlor. It was being operated by another person. Deceased was in the shine parlor drinking a soft drink, when appellant entered. Among other things said

by appellant was that he wanted deceased to stay out of his place of business. Appellant left the shine parlor to go to his car and get a pistol. Deceased finished with his drink and left the parlor. Thereupon, appellant shot deceased four times. Deceased, holding his breast, went back into the shine parlor, followed by appellant, who fired another shot. Among the wounds in the body of deceased was one in the breast and another in the head.

The state's witness Buttler, in describing the shooting, testified:

"Willie (deceased) hadn't done nothing but set the bottle down, and walked out the door, and that is when the shooting started."

Under these facts appellant contends that this conviction should not be sustained because there is no testimony authorizing a finding that the killing was upon malice.

With this contention we cannot agree. The evidence from the state's standpoint abundantly warrants the finding of the jury.

Murder is the voluntary and intentional killing of a person without justification or excuse. Art. 1256, P. C.; Watson v. State, 148 Tex. Cr. R. 589, 189 S. W. (2d) 1020.

The intended shooting of one with a pistol is sufficient to authorize the jury to find that the shooting was actuated by malice. Lovelady v. State, 198 S. W. (2d) 570.

Self-defense was submitted, as was also defense of property.

No formal bills of exception appear in the record.

Other than the contention that murder with malice was not in the case, the only exception to the charge was to the failure of the trial court to charge that "the defendant had the right to defend himself against an unlawful attack by the deceased, the evidence affirmatively showing an unlawful attack was made upon him by acts and words of the deceased, and that the deceased provoked the difficulty."

There was no evidence that deceased provoked the difficulty. Provoking the difficulty, as usually understood, applies not to the acts of the deceased but to the acts of the accused, by which he loses his right of self-defense.

As to the charge upon the right to defend against an unlawful attack, we find that the trial court so instructed the jury. In discussing this phase of the charge, we are not to be understood as holding that the facts raise self-defense from the milder attack, as provided by Art. 1224, P. C.

Other criticisms directed at the charge, not having been called to the trial court's attention by a proper exception, are not before us for consideration.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing, appellant insists that the court has instructed the jury to find him guilty and that, because of such instruction, this court should reverse the case. If we should so construe the charge to the jury it would be our duty to do this. The question then turns upon the charge, as there can be no contention about the law involved.

There is no complaint that the court failed to properly define the law. No exceptions were filed to the court's charge whatsoever. The question is sought to be raised for the first time before this court as fundamental. It relates to Paragraph 5 of the charge, and arises because of the fact that the word "if" was omitted.

Considering the charge as a whole, there is no basis for a misunderstanding of what the court meant in the paragraph applying the law to the facts of the case. He directs them what to do, "after considering all of the above charge in all of its details." Regardless of the omission of the word "if" in two places, an oversight which is unexplained, it is, nevertheless, based on facts which the jury must find beyond a reasonable doubt, "as * * * herein before instructed."

We think that all other questions were discussed and properly disposed of in the original opinion.

The motion for rehearing is overruled.