ALFRED MENDIOLA, JR. v. STATE.

No. 26,456.   June 17, 1953.

*Ruben R. Lozano,* San Antonio, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder; the punishment 50 years in the penitentiary.

The sole question is as to the sufficiency of the evidence to sustain the conviction for murder with malice.

Appellant admittedly fired three shots at close range with a 32-20 caliber pistol aimed at Manuel Pena, the deceased, while Pena was seated in a car. One shot passed through deceased's chest entering under the armpit.

The jury rejected appellant's claim of self-defense and, finding that the defendant acted with malice, assessed his punishment at 50 years.

The killing occurred at the store and service station of appellant's father late on Sunday afternoon, appellant and his companions having arrived in a pickup about the time the deceased and his companion stopped at the service station for water for their car. There was no previous acquaintance between appellant and the deceased and his companions. An argument ensued between appellant, seated in his pickup, and the deceased. A witness hearing the argument went into the store and advised appellant's father of the difficulty. Mendiola, Sr. then armed himself, according to the state's witness with a pistol or, as he testified, with a piece of pipe, and went to the front. He heard his son and the deceased cursing each other and told the deceased to leave.

Appellant got out of his pickup during the argument and was seen by his brother, who was one of his companions, to get the pistol from the glove compartment. The brother asked him not to get the gun and not to shoot the deceased, to which appellant replied that he was taking no chances as he had seen the deceased reach toward the glove compartment of the car he was in.

The deceased and his companions were unarmed. They had been to a beer joint and the deceased and some of those with him had been drinking.

As stated, the jury resolved the issue of self-defense against appellant.

The issue as to whether appellant acted under sudden passion arising from an adequate cause, or with malice, was also resolved against appellant by the jury.

The evidence showing that appellant shot with a pistol and killed the deceased is sufficient to support their finding that he acted with malice aforethought. See Harvey v. State, 150 Tex. Cr. Rep. 332, 201 S.W. 2d 42; Brown v. State, 153 Tex. Cr. Rep. 1, 216 S.W. 2d 226.

The judgment is affirmed.