WILLIE MAE BURNS v. STATE.

No. 26,632. November 25, 1953.

*Allison & Allison*, by *Tom Steele*, Levelland, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder; the punishment, five years in the penitentiary.

A number of people, among whom were the deceased, known as "Black Red," the witness Courtney, known as "Santa Claus," the witness Williams, known as "Rabbit," his wife, known as "Mama Rabbit," and another woman known as "Doll" met at the home of appellant, where a card game soon started. Deceased and appellant got into an argument and began "fighting" in appellant's bedroom. When deceased struck appellant with his fist, Courtney separated them, took deceased into another room, and endeavored, by force, to get him to leave the house. As they reached the front door, deceased resisted by propping his feet against it and causing both of them to fall to the floor. Deceased got up, removed his jacket, and started running back into the bedroom where appellant was. Appellant then shot him one time with a pistol. As he continued advancing toward her, she fired two more shots into his body, as a result of which he died shortly thereafter. According to the witness Courtney's testimony, deceased had been drinking and had appeared to be "mad" when he started back into the bedroom.

These are the facts shown by the state's witnesses. The appellant did not testify or call any witnesses.

It is insisted that the facts are insufficient to support the conviction, in two particulars: (a) There was an absence of malice aforethought, and (b) the facts showed a killing in self-defense.

The intended shooting of one with a pistol is sufficient to authorize the jury to conclude that the shooting was activated by malice. Lovelady v. State, 150 Tex. Cr. R. 50, 198 S. W. 2d 570.

It must be remembered that under our present murder statute, the issue of malice arises only as to the question of punishment. One may be guilty of a killing with malice and receive the minimum punishment for murder.

The jury here, was authorized to conclude that the shooting was upon malice aforethought.

Obviously, the facts present a strong case showing that de-

ceased was advancing upon appellant at the time he was shot, and the issue of self-defense was properly in the case. The trial court fully instructed the jury thereon. But an attack, actual or apparent, does not as a matter of law authorize a killing. The attack must be one that gives rise to an apprehension of death or serious bodily injury, as viewed from the standpoint of the accused, or where, the attack not being deadly, all other means are resorted to before the killing.

Such being true, self-defense arises only as a fact question. It was the province of the jury to determine that issue, and, having done so, we would not be authorized to set aside its finding under the facts here presented.

Accordingly, the judgment is affirmed.

Opinion approved by the court.