## ROSEVELT WALKER v. STATE

No. 26,988. May 5, 1954.
Rehearing Denied (Without Written Opinion) June 16, 1954.

*S. Stanford Pitts,* and *T. W. Crawford,* Conroe, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense, with punishment assessed at life imprisonment in the penitentiary.

The state's testimony shows that appellant, without justification, excuse, or provocation, shot and killed the deceased with a pistol, and suggests no motive or previous ill-will existing between the parties. The killing appears to be unexplained. It is also shown by the testimony that appellant was under the influence of intoxicating liquor at the time.

302

The appellant did not testify, nor did he offer any testimony.

Appellant's sole contention is that the facts do not warrant a conviction for murder with malice. Counsel for appellant, in their brief, so contend and rely upon the cases of Parks v. State, 131 Texas Cr. R. 464, 99 S.W. 2d 943; and Ely v. State, 139 Texas Cr. R. 520, 141 S.W. 2d 626.

These cases are not deemed in point.

In the Parks case, the testimony of both parties showed that the accused had been knocked down twice and was being attacked a third time when the fatal shot was fired. No similar facts are suggested in the instant record.

In the Ely case, the killing occurred in connection with an unlawful arrest of the accused by the deceased. No comparable facts are presented in the instant case.

The conclusion is reached that the facts in the case before us are controlled by the rule announced in Lovelady v. State, 150 Texas Cr. R. 50, 198 S.W. 2d 570, which is that the intended shooting of one with a pistol is sufficient to authorize the jury to conclude that the shooting was actuated by malice. See, also, Harvey v. State, 150 Texas Cr. R. 332, 201 S.W. 2d 42, and Brown v. State, 153 Texas Cr. R. 1, 216 S.W. 2d 226.

Believing the facts sufficient to warrant the jury's conclusion, the judgment is affirmed.

Opinion approved by the court.