## RALPH MUCKLEROY, JR. V. STATE

No. 29,294. December 11, 1957.
Appellant's Motion for Rehearing Overruled
February 26, 1958.

630

*Gordon R. Wellborn, Rex Houston, James N. Phenix,* Henderson, for appellant.

*Warren McDonald,* Tyler, *amicus curiae.*

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, JUDGE.

The conviction is for murder with malice; the punishment, 10 years' confinement in the penitentiary.

The evidence is undisputed that the appellant killed the deceased by shooting him with a gun. The deceased was the appellant's father, at whose home the homicide occurred.

According to the state's testimony, the appellant and his wife went to the deceased's home on the day in question to return their child who had been staying with the deceased and his wife. After stopping their automobile in front of the house the appellant and his wife got into a fight and the deceased, who was in the house, upon seeing the trouble came outside to separate them. In a scuffle which ensued between the appellant and the deceased the appellant took a shovel away from the deceased and then took him by the arm, brought him to the house, shoved him in the front door, and told him to stay in the house. The deceased then got a pistol, came out on the porch, and told the appellant to back up, which he would not do. Appellant and his wife then got in the car, drove off very fast, and in a short time returned, whereupon appellant jumped out, took a shotgun from the car, squatted down by the car, and then began walking down the driveway towards the back of the house with the gun in his hand. The deceased who was standing outside of the house with his wife, upon seeing the appellant approaching with the gun, told his wife to go inside with the baby, saying, "I don't want him

to kill you because you haven't done nothing to him," and fired a shot with his pistol but not in the direction of appellant. Thereupon, several shots were heard by neighbors and the deceased's wife, who was in the house, the first shot being that of the pistol fired by the deceased. After the shooting ceased appellant was seen walking down the driveway carrying his father to the automobile, in which he took him to the hospital.

The testimony shows that the deceased had been shot one time in the back and right side and that the gun shot wounds were the cause of death.

It is further shown that after the killing appellant stated that he had shot his father and upon returning to the scene with the officers, pointed out a single barrel shotgun, which he said he had used and at such time and place the officers found one exploded shotgun shell. It is also shown that the pistol fired by the deceased on the occasion was delivered by appellant to the officers after the killing, at which time it contained three unfired cartridges and three cartridges which had been fired. It was further shown that about a month before the killing the appellant told his uncle that, "If his daddy don't quit messing in his business he was going to kill him."

Appellant did not testify but interposed a plea of self-defense and in support thereof called his wife as a witness in his behalf.

His wife testified that the reason the appellant returned to the deceased's home was because of her request to return for the purpose of getting their child; that the shotgun was loaded when they returned and the appellant, after getting out of the car, did not kneel down to load it; that appellant did not get the shotgun out of the car until the deceased, with the pistol in his hand, said to him, "I know you have * * * you have got that rifle," "I am going to kill you this afternoon," and that appellant did not fire the shotgun until after the deceased had fired three shots with the pistol.

We find the evidence sufficient to support the conviction and overrule the appellant's contention that the evidence shows, as a matter of law, that in killing the deceased the appellant acted in self-defense.

We also overrule appellant's contention that the evidence is insufficient to support a conviction for murder with malice Malice is a question of fact, inferable from the circumstances,

and is generally supported by proof that the killing took place by means of the use of a weapon that is deadly per se, and is usually one for the jury. Harvey v. State, 150 Texas Cr. Rep. 332, 201 S.W. 2d 42. The intended shooting of one with a shotgun is sufficient to authorize the jury to find that the shooting was actuated by malice. Lovelady v. State, 150 Texas Cr. Rep. 50, 198 S.W. 2d 570; Brown v. State, 153 Texas Cr. Rep. 1, 216 S.W. 2d 226, and Walker v. State, 160 Texas Cr. Rep. 301, 268 S.W. 2d 464.

The court in his charge submitted the issue of self-defense and in connection with his instructions on the law charged upon provoking the difficulty as a qualification thereto.

Appellant objected to the charge on provoking the difficulty on the ground that there was no evidence to raise the issue and insists that the court erred in giving such a charge.

The law is well settled in this state that a person who intentionally provokes a difficulty in order to have a pretext to kill or injure thereby forfeits his right of self-defense, and cannot justify the killing of his adversary on this ground, though it was necessary to save his own life. See 22 Texas Jur. p. 487, Sec. 62 and cases there cited.

The court should instruct the jury upon the law of provoking the difficulty when the evidence raises the issue, but it is error to give such a charge when the evidence does not raise the issue.

Appellant insists that the issue was not raised because there was no evidence that he intended to provoke the difficulty or that he did any act or spoke any words immediately before or at the time of the killing which was reasonably calculated to cause a difficulty.

In support of his contention, appellant cites and relies upon numerous cases, including the early cases of McCandless v. State, 42 Texas Cr. R. 58, 57 S.W. 672, and Crow v. State, 48 Texas Cr. R. 419, 88 S.W. 814, which hold that a charge on provoking the difficulty should not be given unless the evidence shows that the accused did some act or used some words intended to and reasonably calculated to bring on a difficulty.

In Norwood v. State, 135 Texas Cr. Rep. 406, 120 S.W. 2d 806, this court, in passing upon the question of whether the evi-

dence in the case authorized a charge on provoking the difficulty, said:

"If the appellant, by his own act or conduct, did something with the intention of provoking a difficulty and it was reasonably calculated to provoke the deceased to make an attack upon the appellant which he, appellant, might use as a pretext for the killing of the deceased, then he forfeited his right of self-defense. What his intentions were was concealed within his own mind and can only be determined from his words, acts, and conduct. If they were such as would reasonably lead a dispassionate mind to the conclusion that he intended to provoke a difficulty for the purpose of killing the deceased, then the testimony was sufficient to submit the issue to the jury for their determination. * * *

"Ordinarily in determining whether there be evidence calling for a charge on provoking the difficulty, the trial court will not be required to go beyond the State's evidence, though in some cases this might not be true; but if there be such evidence, it would be the duty of the court to submit the law of such issue, even though the trial court might believe the evidence on the part of the accused to rebut the theory of provoking the difficulty. The determination of whether the issue be sustained or rebutted would be for the jury. See Crowley v. State, 117 Texas Cr. Rep. 372, 35 S.W. 2d 437; Garner v. State, 99 Texas Cr. Rep. 618, 271 S.W. 92."

In the recent case of Tapley v. State, 158 Texas Cr. Rep. 495, 256 S.W. 2d 583 the Norwood case, supra, was cited with approval and the later portion of the opinion above set out was quoted.

Under the record in the instant case the court did not err in charging on provoking the difficulty.

Appellant's return to the scene after the prior difficulty with his father, the deceased, getting out of the car and taking the shotgun therefrom, squatting down by the car with the gun and then walking down the driveway toward the deceased with the gun in his hand, was such an act as to evidence an intention on his part to provoke a difficulty and one reasonably calculated to provoke a difficulty with the deceased, and thereby raise a fact issue for the jury's determination.

We do not deem the case of Jones v. State, 149 Texas Cr.

Rep. 119, 192 S.W. 2d 155, cited by appellant, as here controlling. The case is cited by appellant in support of his contention that the issue of provoking the difficulty was not raised because the evidence showed that deceased fired the first shot. In the Jones case it was pointed out that there was no evidence that the accusd made any motion, spoke any words, or performed any act which caused the deceased to draw the gun on him.

In the instant case the testimony of the deceased's wife affirmatively shows that the reason the deceased fired the first shot was because he saw appellant approaching with the gun. This fact, together with the other facts and circumstances, differentiates this case from that of Jones v. State, supra.

By five bills of exception appellant complains of certain jury argument of state's counsel.

Appellant's objection to the argument complained of in the first four bills was on the ground that it was a direct reference to his failure to testify.

It is certified in the Court's Bill of Exception No. 1 that the argument of state's counsel, "You seem to know everything else maybe you ought to tell us," to which appellant objected, was directed to the appellant's attorneys and in response to their argument; hence no reversible error is shown.

Court's Bill of Exception No. 2 relates to argument of state's counsel in which counsel posed the question as to for what reason the appellant wanted to go to Kilgore. The record reflects that the appellant's wife testified that the reason for the argument between she and her husband on the occasion of the first difficulty between the appellant and the deceased was because she had refused to go to Kilgore with the appellant. Further, the bill reflects that the court sustained appellant's objection to the argument and instructed the jury not to consider the same. No error is shown in the bill.

We find no error in the argument complained of in Appellant's Bills of Exception Nos. 11 and 12 wherein state's counsel posed the question as to what the appellant's business and work was and argued with reference to what was the appellant's intention when he returned to the scene of the killing. Such argument was legitimate under the evidence and clearly was not a reference to the appellant's failure to testify.

By Bill of Exception No. 15 appellant complains of that portion of state's counsel closing argument in which he stated, "what is wrong, why don't you rampage a little and get some witnesses to come in here and tell Ralph Muckleroy, Sr. was a bad man * * * ." Appellant's objection to the argument was on the ground that it was unsworn testimony and that he had not offered any evidence as to the deceased's character. The record reflects that the appellant, on cross-examination of the deceased's wife, had elicited from her that on other occasions the appellant had taken the gun from the deceased's home at her request and kept it "until old man Ralph got straightened out." Under such evidence the argument complained of does not reflect error.

The judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant presses upon us his contention that the facts did not authorize the giving of the charge upon provoking the difficulty.

We are aware of no decision which has gone further in holding the facts sufficient to warrant a charge on provoking the difficulty than that reported in Norwood v. State, 135 Texas Cr. Rep. 406, 120 S.W. 2d 806.

We are also aware of the fact that unless the Norwood case sustains the trial court, here, in charging on provoking the difficulty, then this case should be reversed. It becomes of the utmost importance, then, that the fact situations in the two cases be examined to determine if the Norwood case controls.

In the Norwood case there was ill-feeling. Norwood began the controversy by filing a complaint against the deceased's father, charging him with theft of goats. A search warrant was obtained to search the Word ranch for the stolen goats, and the sheriff went to the ranch to execute the warrant. Soon thereafter the appellant, accompanied by three companions, all armed, appeared at the ranch. At deceased's request, the sheriff took charge of the firearms while appellant and his companions were on his premises. The deceased went to the house and got a gun, which the sheriff took from him. A search of the ranch produced no stolen goats.

At the conclusion of this series of events, Norwood stated that he wanted the "affair" to be peaceable, to which statement deceased replied by calling attention to his act in coming on the ranch armed. At that time, Orville Word, an uncle of the deceased, called Norwood an s-o-b-. Again the sheriff stopped the difficulty.

This is the situation existing when the affair broke up with Norwood's telling the uncle that " 'he would see him later' " or " 'we will meet again.' "

A few hours thereafter, the deceased and his uncle went to the town of Burnet. Deceased parked his car in front of and went into the postoffice, leaving his uncle in the car. Norwood's car was parked nearby. While deceased was in the postoffice, Norwood moved his car immediately behind the deceased's car, in which the uncle was still seated. As deceased came from the postoffice and approached his car he called his uncle's attention to the fact that Norwood had blocked them in so that they could not get out. Norwood then motioned to the uncle and said to him, " 'Come around here, Mr. Word, I want to talk to you.' " Deceased reached in his car for a gun and said to his uncle, " 'Don't go * * * .' " As deceased was attempting to get the gun out of the car, Norwood shot him.

In upholding the action of the trial court in charging upon provoking the difficulty under the above facts, we did so upon the conclusion that the evidence was sufficient to warrant a finding by the jury that (a) Norwood's act caused deceased to reach for his gun, (b) that all the facts transpiring at the time of the shooting and prior thereto were sufficient to authorize the jury to find that what Norwood did and said was calculated to cause the deceased to reach for his gun, and (c) that Norwood intended, by those acts, to provoke an attack as an excuse for killing the deceased.

Let us examine the instant facts, especially where we find similar or comparable fact situations:

The first evidence of animosity or ill-feeling on the part of the appellant toward his father (the deceased) was when appellant, about a month prior to the killing, told his uncle (deceased's brother) that "his daddy was messing into his business," and he further said, " 'Uncle Tom, I am going to kill the old man if he don't quit messing in my business.' "

So, here, as in the Norwood case, we find the accused evidencing animosity against the deceased.

On the day of the killing we find appellant in his car in front of deceased's home and there engaging in a difficulty with his (appellant's) wife. The deceased secured a shovel and went to her rescue. Appellant took the shovel away from him and thereupon forced the deceased toward the house, shoved him in the front door, and told him to stay in the house. Deceased secured a pistol, came out, and ordered appellant to "back up."

A similar situation is shown in the Norwood case in the meeting at the ranch where all the parties were armed and which broke up with Norwood's telling the uncle of the deceased that " 'he would see him later' " or " 'we will meet again.' "

There is in the instant case a significant fact not in the Norwood case, and that is the difficulty which appellant had with his wife in the presence of the deceased.

Was that attack on the part of the appellant done with the intent of causing the deceased to do what he did—that is, to go to the rescue of appellant's wife?

If the jury should have so believed, then such was an element entering into the question of provoking the difficulty.

After that difficulty, appellant, with his wife, drove away and shortly thereafter returned with a shotgun. As he approached the house he jumped from the car with the shotgun in his hand and, after crouching down by the car, began walking down the driveway toward the back of the house. The deceased, seeing what was happening, fired a shot from the pistol—which some of the witnesses said was in the direction of an outhouse and not in the direction of the appellant. Several shots were heard, among which was one from a shotgun. Appellant was next seen walking down the driveway carring the almost lifeless body of his father.

Here, again, we have comparable facts to those in the Norwood case—that is, that the appellant returns to the home of the deceased armed with a shotgun, gets out of the car with the shotgun, crouches down by the car, and advances toward the back of the house, and, after the deceased begins firing his pistol, shoots him with the shotgun.

In evaluating the evidence it must be kept in mind that the question is whether there were facts from which the jury, in the exercise of their discretion, would be authorized to conclude showed that appellant intended to provoke the deceased into doing some act which he might use as a pretext for carrying out his unlawful design—which was to kill the deceased—and that the acts on the part of the deceased were reasonably calculated to cause the deceased to attack him.

It is also significant to note that the facts show that it was the deceased who made the first attack, both at the time of appellant's difficulty with his wife and also when the appellant returned to the home of the deceased and got out of the automobile with the shotgun in his hand.

Thus is present that necessary element of provoking the difficulty—which is that the deceased made the first attack.

We are constrained to conclude that, under the authority of the Norwood case as applied to the instant facts, the trial court was warranted in giving the charge on provoking the difficulty.

Accordingly, the appellant's motion for rehearing is overruled.