HARVEY STEWART V. STATE.

No. 30,417. April 15, 1959.
Motion for Rehearing Overruled May 27, 1959.

*W. E. Martin,* Houston, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *Jim Vollers,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, life.

Our prior opinion in which we refused to consider the statement of facts is withdrawn, and the case will now be considered on its merits.

Appellant's two confessions, which were amply corroborated and the voluntary nature of which was submitted to the jury, recite a sordid story of three professional criminals who started out one night intending to burglarize some house or rob some person and who fell out among themselves. A struggle over a pistol ensued, and the appellant shot the deceased twice, as the result of which he died.

It is the appellant's contention, presented by brief and in argument, that the evidence is insufficient to support the conviction for the offense of murder *with malice* because of the alleged exculpatory statements found in his confessions to the effect that the deceased first pointed the pistol at the appellant and either fired or "snapped" the same and that the appellant then disarmed the deceased and killed him with the same pistol.

The only evidence in the record which could be construed as indicating that the appellant was in any danger after he had

disarmed the deceased is the statement found in one of the confessions "and I didn't know if he was going for another gun or not." In his testimony, he does not mention any fact which would indicate that at the time he fired the shots which killed the deceased he was acting in self defense.

Be this as it may, we will discuss the contentions advanced by the state and the appellant.

It is the state's position that, since the appellant testified to substantially the same facts as contained in his exculpatory statement, if it was one, and since the court submitted his defensive theory as raised by his statement and his testimony, the general rule as to exculpatory statements has no application but that the rule expressed in Treadway v. State, 150 Texas Cr. Rep. 271, 200 S.W. 2d 199; Perez v. State, 160 Texas Cr. Rep. 376, 271 S.W. 2d 281; Redman v. State, 162 Texas Cr. Rep. 524, 287 S.W. 2d 676, and the cases therein cited, controls.

Appellant, on the other hand, relies upon Otts v. State, 136 Texas Cr. Rep. 28, 116 S.W. 2d 1084, Montalbo v. State, 145 Texas Cr. Rep. 140, 166 S.W. 2d 694, and other cases, and points to the fact that he is not complaining of the failure of the court to give a requested charge but is relying upon the exculpatory statements to show that as a matter of law the offense which was committed was murder without malice, if not in fact justifiable homicide because committed in self defense. Recently, in Stephen v. State, 163 Texas Cr. Rep. 505, 293 S.W. 2d 789, we had occasion to discuss Montalbo and Otts, and pointed out that Otts was authority *only* for the rule that the charge on exculpatory statements must be given where the proper objection is leveled thereto.

In the still more recent case of Muckleroy v. State, 165 Texas Cr. Rep. 629, 310 S.W. 2d 315, we decided, adversely to the appellant, the contention which he here advances. There, we said:

"We also overrule appellant's contention that the evidence is insufficient to support a conviction for murder with malice. Malice is a question of fact, inferable from the circumstances, and is generally supported by proof that the killing took place by means of the use of a weapon that is deadly per se, and is usually one for the jury. Harvey v. State, 150 Texas Cr. Rep. 332, 201 S.W. 2d 32. The intended shooting of one with a shotgun is sufficient to authorize the jury to find that the shooting was actuated by malice. Lovelady v. State, 150 Texas Cr. Rep. 50,

198 S.W. 2d 570; Brown v. State, 153 Texas Cr. Rep. 1, 216 S.W. 2d 226; and Walker v. State, 160 Texas Cr. Rep. 301, 268 S.W. 2d 464.

Finding no reversible error, the judgment of the trial court is affirmed.