Donnie TEW, Appellant,

v.

The STATE of Texas, Appellee.

No. 36806.

Court of Criminal Appeals of Texas.

April 22, 1964.

Rehearing Denied June 3, 1964.

Second Motion for Rehearing Denied
June 27, 1964.

Charles William Tessmer, Dallas (On Appeal Only), Emmett Colvin, Jr., Dallas (On Appeal Only), for appellant.

Alton R. Griffin, Dist. Atty., Travis Shelton, Special Prosecutor, Lubbock, Roy B. Johnson, Asst. Dist. Atty., Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, fifteen years.

The testimony of the state reveals that the appellant, Crickett Shirley, Homer Powell, Floyd McQueary, Barbara Jean Crawford, Janice Chapman, and the deceased, James Shobert, left the Lasso Club about 2 or 3 a. m., June 20, and went to the house of the appellant, where the appellant and the deceased began gambling with cards as the others watched while seated around a table. The deceased was defeated in the games, and when the appellant began teasing him about it, the deceased got mad, pulled a pistol, pointed it across the table at the appellant and told everyone to sit still. After a brief time, Powell started into an-

other room, and the deceased shot him in the back, and also appeared to have kicked Powell while on the floor. Powell said he would report the shooting as an accident, and he, the appellant, and deceased shook hands and agreed to forget the incident. Powell left in a car, with Shirley following in another car. At this time it was daylight. Everyone left the appellant's house except him. Without stating where they were going in the presence of appellant, the deceased, McQueary, Crawford and Chapman drove to Shirley's house and parked in front at the curb. Crawford and Chapman remained in the car while the deceased and McQueary went to the house. Shirley soon arrived, parked his car in the driveway, and went to the front door, where the deceased was standing. At this time someone said "Get out of the way, Crickett (Shirley)" and appellant was then seen beside his car parked at the curb, with a shotgun pointing toward the house. A shot was heard, and the deceased fell face down inside the house with his feet in or near the door, with a pistol in his pants pocket. After the shot, the appellant immediately left in his car.

The physician who examined and treated the deceased at the hospital testified that pellets from a shotgun covered the left side of his face from the left side of the neck to the nose, and that the hemorrhage of the left temporal lobe of the brain was the cause of his death.

The appellant, testifying in his own behalf, stated that the during the time the deceased had the pistol pointed toward him at the close of the card game, the deceased said "I should kill you" and also said several times that he was going to kill him; that after the deceased had shot Powell he put his foot on him saying "I ought to finish you off."

At this time appellant knew of four other persons the deceased had recently shot and of two he had assaulted with a gun.

According to the appellant, the following occurred:

When everyone had left his home, the appellant went next door to the home of his parents and obtained a shotgun. Appellant then went to Shirley's house to see about Powell, and because he was afraid and did not know what the deceased would do if they met, he took the shotgun with him. When the appellant stopped at the curb in front of Shirley's house he saw Shirley and the deceased on the front porch. The appellant, wanting to ask Shirley about Powell, called while seated in the car: "Hey, Crickett (Shirley)." Shirley did not respond, but the deceased turned around, reached for his pocket and as he pulled out his gun, the appellant grabbed the shotgun and got out of the car, when the deceased had leveled his gun on the appellant, he fired the shotgun at the deceased, the deceased fell, and appellant immediately left.

Shirley testified that as he opened the front screen door, the deceased was standing behind him, and when he was about one step inside the door he heard someone say "Hey," and then he was shot in the right shoulder; and that he saw a pistol beside the deceased on the floor.

Billye Bownds testified that she was in Shirley's home when Shirley and the deceased stepped inside the front screen door, that when she heard someone say "Hey," the deceased pulled a pistol and turned, facing the outside toward the street, and pointed his pistol outside, then she heard a shotgun discharged, and the deceased spun around and fell on the floor. She further testified that after she heard the shot, she saw the appellant in front of the house getting in his car with what looked like a shotgun.

Appellant contends that the trial court's charge on provoking the difficulty was not justified upon the facts presented and hence calls for a reversal.

■ The court charged the jury upon the law of self defense, and also upon the law of provoking the difficulty which is a limitation upon the right of self defense.

■ The facts and circumstances of this case, including appellant's acts in going to Shirley's house, getting out of the car, and standing beside it at the curb with a shotgun, and saying "Get out of the way Crickett (Shirley)" or "Hey", while Shirley and the deceased were at the door or entering the house, could be considered by the jury in determining whether the appellant intended to provoke the deceased and whether such acts or words or both were reasonably calculated to and did in fact provoke the deceased to attack him. It is concluded that the trial court was warranted in charging on the law of provoking the difficulty. Crowley v. State, 117 Tex.Cr.R. 372, 35 S.W.2d 437; Tapley v. State, 158 Tex. Cr.R. 495, 256 S.W.2d 583; Muckleroy v. State, 165 Tex.Cr.R. 629, 310 S.W.2d 315.

It is insisted that the trial court committed error in permitting the state to prove, over objection, the prior marriages and divorces of appellant's witness Bownds.

The witness first testified that her name was Billye Bownds, and next that her true name was Billye Ann Huffman, explaining that Bownds was the name of her step-father. On cross-examination she stated that she was presently married to Judd; and that she was first married to Freeman Smalley.

At this time the appellant objected "—to this, it has no bearing on the case." The objection was overruled and exception was reserved.

The witness further testified, without objection, that after she divorced Smalley she married Aaron Gilstrap, then she divorced him and married James Witt, and after her divorce from Witt she married Judd.

■ The admission, without objection, of testimony of two marriages other than to Judd and Smalley, and three divorces, when considered in connection with the objection as made to the testimony of her first marriage to Smalley, does not show reversible error.

The complaint directed to the question propounded to the appellant on cross-examination, about his purpose for going to Shirley's house, arose as follows:

"Q. Donnie (appellant), why don't you tell this Jury the truth, that you went over there to pull that gun on Jimmy Shobert (deceased)?

"MR. SALYARS: Your Honor, that's improper cross examination. The witness is under oath and testifying under oath.

"MR. SHELTON: I withdraw the question.

"THE COURT: All right."

■■ The question was withdrawn and there was no request that the court instruct the jury not to consider the question or a motion to declare a mistrial. Therefore, no error is presented. Wall v. State, Tex. Cr.App., 240 S.W.2d 763; Meza v. State, Tex.Cr.App., 360 S.W.2d 403. However, the question does not appear to have been of such a nature as would call for a reversal under all of the facts and circumstances reflected from the record.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant's able counsel strenuously urges that we were in error in holding that the trial court did not err in the submission to the jury of a charge on provoking the difficulty.

We have carefully re-examined the record and the opinion in this cause, along with numerous cases on this proposition.

We feel that a correct disposition was made in our original opinion. Appellant's motion for rehearing is overruled.