**Timer BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38664.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Rehearing Denied Feb. 2, 1966.

Larry Emerson, Houston, Marvin O. Teague (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Neil McKay, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is murder; the punishment, ten years.

The evidence was undisputed that appellant killed the deceased, Dillon Roberson, by shooting him with a gun.

Appellant was the manager of a group of apartments in the city of Houston. The deceased, Dillon Roberson, his brother Quille Roberson, and Quille's wife lived in one of the apartments. It was shown by the state's testimony that, on the day of the homicide, Quille, the brother, went to the appellant's apartment around 10 a. m. and paid him $40 in rent. Later in the day a dispute arose between the parties, and appellant told Quille he could move and he would refund the rent money. The deceased and Quille then went to appellant's apartment around 3 p. m., and appellant refunded the $40 to Quille. The latter returned the rent receipt to appellant. As Quille was leaving, appellant grabbed him and attempted to take the money. In this he did not succeed and Quille returned to his apartment and started loading his possessions in his automobile, to leave. While in the process of loading and passing by the door to appellant's apartment, he was shot. He then ran behind some cars and appellant was seen to come out of the door of his apartment with a rifle in his hand and point the same in Quille's direction, but he did not fire.

Dillon Roberson, the deceased, was then found lying outside appellant's apartment near the door, with a gunshot wound in the left side.

When the officers arrived upon the scene, they went to appellant's apartment and were admitted inside by appellant's wife. Appellant was in the apartment, and, in conversation with the officers, said that he was the one who had done the shooting. As a result of information given by appellant the officers recovered a .303 British Enfield rifle in a bedroom which appellant had used in the shooting. When recovered, the rifle had five live rounds in the clip and one jammed shell in the barrel. A spent cartridge was found in the hallway of the apartment, together with blood stains on the floor. There was also a bullet hole about waist-high in the front door of appellant's apartment.

It was shown by the testimony of Dr. Robert Bucklin, associate medical examiner for Harris County, that the deceased died at 11:15 p. m., on the day of the homicide and that the cause of death was a gunshot wound through the abdominal cavity. Dr. Bucklin, testifying from the autopsy report, stated that on the deceased's body there was a partially sutured gunshot entrance wound on the left side close to the rib and an exit wound on the same level in the back two inches to the left of the midline. The doctor stated, however, that it was difficult to determine the entrance and exit wounds on the body because of suturing around an old surgical wound, and that an examination of the deceased's clothing would be of assistance in making that determination.

Testifying as a witness in his own behalf, appellant related in detail his version of the misunderstanding between the parties over payment of the rent and testified that between 3 and 4 p. m. on the day in question the deceased and his brother, Quille, entered his apartment in a rough and abusive manner. Quille demanded a return of the rent money. Appellant told his wife to go get the money, which she did. When she returned to the room with the money, Quille knocked her down, grabbed the money, and called her a bitch. Appellant was sitting in a chair and attempted to get up. Quille

hit him in the right eye, knocking him to the floor. While on the floor, appellant grabbed the rifle and, when he saw the deceased advancing upon him, fired the rifle one time. The deceased fell to the floor and in about five minutes got up and went outside. Appellant swore that he fired the rifle to keep the deceased from stomping or doing further damage to him and that he did not go outside the apartment from the time he fired the shot at the deceased until the officers arrived.

Appellant's wife, upon being called as a witness in his behalf, gave a similar version of the difficulty and shooting.

The court, in his charge, instructed the jury on the law of both murder with and without malice and on the law of self-defense.

The jury by their verdict rejected appellant's claim of self-defense.

■ We overrule appellant's contention that the evidence is insufficient to support his conviction for murder *with malice aforethought.*

It was undisputed that appellant shot the deceased with a .303 British Enfield rifle. That the shooting was intentional is not disputed.

■ It has long been the rule in this state that proof of the intentional shooting of one with a rifle is sufficient to authorize the jury to find that the shooting was actuated by malice. Brown v. State, 153 Tex.Cr.R. 1, 216 S.W.2d 226; Burns v. State, 159 Tex.Cr.R. 183, 262 S.W.2d 406; Walker v. State, 160 Tex.Cr.R. 301, 268 S.W.2d 464; Beasley v. State, 171 Tex.Cr. R. 115, 346 S.W.2d 123.

Error is urged to the admission in evidence of state's exhibits #5 and 6, which were black and white photographs of the shirt worn by the deceased at the time of the killing, showing the bullet holes therein. It is contended that the photographs did not tend to solve any disputed fact issue in the case and were therefore inadmissible

under the rule stated in Burns v. State, Tex.Cr.App., 388 S.W.2d 690.

■ We perceive no error in the admission of the photographs in evidence. The issue of self-defense was raised by appellant in the case. The entrance and exit of the bullet was material to the issue. As heretofore mentioned, Dr. Bucklin testified that the deceased's clothing would be of assistance in making the determination. It should also be pointed out that the shirt worn by the deceased was not exhibited before the jury but only the photographs thereof, which in no way were ghastly or prejudicial.

Appellant insists that his conviction cannot stand because the officers violated certain fundamental rights guaranteed to him under the Constitution and laws of this State and of the United States. It is contended that his constitutional rights were violated because (1) the officers did not obtain his permission to enter the apartment, (2) his arrest was unlawful, (3) he was not taken before a magistrate, and (4) he was not informed of his constitutional rights to remain silent or consult with an attorney, or given the statutory warning pertaining to confessions.

We have carefully reviewed the record in the light of such contention and find no merit therein. No question was raised by appellant in the trial relative to the legality of his arrest, and the authority upon which the officers arrested appellant is not shown in the record.

■ The record is undisputed as to the officers being admitted into the apartment by appellant's wife. Clearly, they were not trespassers.

The record is silent with reference to whether appellant was taken before a magistrate.

Appellant, in his testimony, admitted everything shown in his oral confession, which was that he fired the fatal shot with the rifle found by the officers in his apartment. No objection was made by appellant to the proof of his oral confession, which led to the recovery of the murder weapon. The rifle was admitted in evidence without objection.

■ No request was made by appellant of the officers that he be permitted to consult with an attorney, and the record shows that appellant had talked with an attorney by telephone before the officers arrived.

The judgment is affirmed.

Opinion approved by the Court.