

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., Scott Bradley and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment 10 years.

Trial was had July 25, 1966.

Officer Gamon testified that on May 27, 1966, in answer to a radio call about 11:08 p. m., he proceeded to 1901 Duluth Street, the address of appellant and her husband, the deceased. Upon arriving, he and his partner observed appellant standing in the front yard and that in answer to his question of whether she was the one who called the police, appellant replied, "Yes, I just shot my husband." Upon entering the house the officers found the deceased sitting in a chair in a relaxed position with his head back and his eyes open. Several wounds were apparent and he was obviously dead. No signs of a struggle were visible. The appellant relinquished a .22 caliber pistol and Dr. Rose, the doctor who performed the autopsy on the deceased, testified that the three fired shells from the pistol could easily have caused the four wounds in the deceased.

**Florence Starts DICKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40346.**

Court of Criminal Appeals of Texas.

May 17, 1967.

Appellant, although admitting that she shot the deceased and identifying the pistol as the weapon used, contended that she did not intend to kill him and that any injury she caused was in self-defense. Witnesses for the defense testified that on several occasions prior to the murder they had observed the deceased cursing and beating the appellant. Appellant testified that on the evening in question the deceased came home intoxicated and accused her of having a date with another man, and that although she denied having the date, he struck her several times, blacking her eye and breaking her tooth. After he had stopped beating her and after they had eaten dinner, he went into the living room, took off his shirt, sat in a chair and listened to music. At this point, some three hours after the beating, appellant shot him.

The state did not seek the death penalty and the issue of guilt or innocence was tried before a jury. The court charged the jury on the necessary intent required to support a conviction for murder with malice and also on the issue of self-defense. The jury found the defendant guilty and the appellant elected for the court to assess the punishment.

■ Appellant's first ground of error is that the evidence is insufficient to support the verdict because there is no showing that she intended to kill the deceased. Appellant admitted shooting the deceased and when asked where the first shot hit the deceased she testified, "Somewhere in his head, somewhere," and when asked what position deceased was in when he was shot she replied, "he was relaxing himself." We find these admissions along with the evidence set out above sufficient to justify the jury's finding an intent to kill. See Stewart v. State, 168 Tex.Cr.R. 166, 324 S.W.2d 228 and Boatwright v. State, 169 Tex.Cr.R. 280, 343 S.W. 2d 707.

■ Appellant's second ground of error relates to alleged prejudice created by the exhibition and mention of certain photographs before the jury. The photographs were not included in the record on appeal and for this reason we are unable to pass upon her contention.

Appellant's third ground of error relates to alleged misconduct of the prosecutor. She contends that waving pictures before the jury and certain statements made by the prosecutor injected new facts into the case. As stated above, the pictures are not before us and we find no comment by the prosecutor that violates the rule set out in Green v. State, 153 Tex.Cr.R. 442, 221 S.W.2d 612, and Stovall v. State, 153 Tex.Cr.R. 495, 221 S.W.2d 278.

Finding no reversible error, the judgment is affirmed.