Minnie Beatrice BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41888.

Court of Criminal Appeals of Texas.

March 5, 1969.

Rehearing Denied April 23, 1969.

Billy C. Powell, J. Robert Harris, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Fred Heacock, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is murder; the punishment thirty years.

■ The sufficiency of the evidence to show murder with malice is challenged. The evidence is undisputed that appellant shot and killed Jim Benson with a .22 caliber pistol.

Appellant, her husband, Jim Benson, and others were at the Dream Street Inn in Houston drinking beer. While involved in an argument, appellant's husband had a chair in his hand, and Jim Benson had a knife. Edgar Delane, the owner of the place, testified that he took the knife from Benson and the chair from appellant's husband; that some four or five seconds later appellant shot Benson. Doctor Robert A. Jordon, a pathologist, testified that the bullet entered the lower abdomen and passed through an artery causing Benson's death.

Appellant testified that the argument started because Jim Benson stated that her husband was going with another woman; that Benson got out his knife and said he was going to cut some "so-and-so" throats; that her husband grabbed a chair; that she was in fear of her life; that she was afraid that Benson was going to use the knife on her husband; that Benson's brother, O. D., came in and grabbed her husband by the shoulders; that some thirty or forty seconds after the fight started she shot the gun downward to halt the fight; that she did not see Delane take the knife from Benson; that she did not intend to shoot Jim Benson; and that after she shot one time, Delane took the gun from her.

There was sufficient evidence for the jury to find malice. See Burns v. State, 159 Tex.Cr.R. 183, 262 S.W.2d 406.

■ Malice can be inferred from the use of a deadly weapon. Rodriguez v. State, 375 S.W.2d 289. In Brown v. State, Tex.Cr.App., 216 S.W.2d 226, this court held that the intended shooting of one with a pistol was sufficient to authorize the jury to find that the shooting was actuated by malice. 4 Branch's Ann.P.C.2d, Sec. 2189, p. 534; 29 Tex.Jur.2d 300, 302, Sec. 189, Notes 13–14. Article 45, Vernon's Ann.P. C., provides: "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

The trial court charged on murder with and without malice, self-defense and defense of her husband. The jury found the disputed facts against appellant; the first ground of error is overruled.

■ It is next contended that the trial court erred in refusing to permit appellant to present evidence of good character during the guilt or innocence part of her trial. Appellant's counsel stated, "Your

Honor, We have some character witnesses we'd like to put on. I would like to call—.'' An objection by the state was sustained. The record contains no formal or informal bill of exception showing the excluded testimony she sought to adduce. Under Art. 40.09, Sec. 6(d) (1), V.A.C.C.P., a request may be made to the court to retire the jury to adduce the excluded testimony, or an offer of proof in the form of a statement may be made to apprise the court of what the excluded evidence would show.

No request to retire the jury was made. The record contains no offer of proof. It is not shown whether the character witnesses were to testify as to the character or reputation of the appellant, her husband, or the deceased. Nothing is presented for review. Hill v. State, 403 S.W.2d 797; Johnson v. State, 379 S.W.2d 329; Boyett v. State, Tex.Cr.App., 368 S.W.2d 769. See 13A Texas Digest Criminal Law ⊘1120 (3); 5 Tex.Jur.2d 354, Sec. 209.

The judgment is affirmed.