### J. D. Tardy v. The State.

#### No. 2964. Decided December 16, 1904.

**Manslaughter—Provoking the Difficulty—Charge of Court.**

See facts stated in the opinion which authorized the court to submit to the jury a charge on provoking the difficulty, and which charge is an exact copy of the charge approved by this court in Matthews v. State, 42 Texas Crim. Rep., 31.

Appeal from the District Court of Fayette. Tried below before Hon. L. W. Moore.

Appeal from a conviction of manslaughter; three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On proposition of provoking the difficulty: Matthews v. State, 42 Texas Crim. Rep., 31; Franklin v. State, 34 Id., 286; Highsmith v. State, 41 Texas Crim. App., 32; Artie Craiger v. State, decided present term.

BROOKS, Judge.—This conviction was for manslaughter, the punishment assessed being three years confinement in the penitentiary. The former appeal is reported in 9 Texas Ct. Rep., 650.

Appellant criticises the court's charge on provoking the difficulty. The charge complained of is an exact copy of the charge approved by this court in Matthews v. State, 42 Texas Crim. Rep., 31. The evidence called for this charge. Frank Shannon testified: "I was at the Katy depot in the afternoon that Mr. Thompson was killed. Just before he was killed, he and I were in a car, on the south side of the depot, and just a little east of the door leading into the ware-room. We had been checking up transfer freight that went down the Aransas Pass. While we were in that car, I saw defendant on the platform between the car and the depot. I heard him say to one of the Schultz boys that he was not trying to get any "grab-freight;" that there was not any there for him, and the whole push had it in for him. At that time Mr. Thompson was in the car. Shortly after defendant made the remark he got up and started up the platform, and deceased stepped out of the car and said, 'Come here old man,' and defendant stopped and turned around and then deceased said, 'Come right here, old man; I want to talk to you.' Defendant then said, 'I have no talk for you, you big-bellied son of a bitch.'

Deceased then picked up a stick that set just inside of the freight house door, and started towards defendant. Defendant then pulled the six-shooter. Deceased then ran back in the house. Then defendant came back. Deceased did not throw the stick before he ran in the house, but carried it in the house with him. Then defendant fired. I think then deceased grabbed him at the door, I did not see the stick thrown at all, nor did I hear it. After deceased grabbed defendant, they tusseled around, and the shooting was going on as they went around. When defendant finally quit shooting and went off I came out of the car. I saw all the shooting, but I could not understand anything that was said during the shooting. I stayed in the car during the shooting. They scuffled on the platform between the door and the car I was in, and also in the building. During the scuffle deceased had defendant's right arm and hand in which he held the pistol. I do not know how many shots were fired. Deceased fell just inside the freight house door. Tardy then walked off with his pistol in his hand." The testimony of the witness Shannon authorizes the court to give the charge on provoking the difficulty. Highsmith v. State, 41 Texas, 32; Franklin v. State, 34 Texas Crim. Rep., 286, and Artie Craiger v. State, decided at the present term.

Appellant also criticises some phase of the charge on murder in the first and second degree, but the jury having acquitted appellant of these degrees of homicide and found him guilty of manslaughter, even if said charges were erroneous, they could not injure appellant.

In motion for new trial appellant complains that the court erred, as shown by various bills of exception. None of these bills are in the record, nor are the grounds of complaint in the motion verified in any manner. Hence these matters cannot be reviewed.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*