### MILLER WALKER V. THE STATE.

#### No. 9256.    Delivered November 18, 1925.

1.—Manslaughter — Charge of Court — On Provoking Difficulty — Held Erroneous.

Where, on a trial for murder, resulting in a conviction of manslaughter, the trial court in his charge on provoking a difficulty, misapplied the facts presented on that issue, the cause must be reversed. In this case, the firing of his pistol by appellant occurred while the deceased was advancing upon him with an ax, and did not provoke the difficulty, but his prior conduct and acts, according to the evidence, may have provoked deceased into advancing upon him with the axe, in which event appellant's right of self-defense would not be perfect.

2.—Same—Continued.

The court's charge was further erroneous in failing to properly direct the jury to take into account the question of the intention of the appellant to provoke a difficulty, and in predicating the issue of provoking a difficulty on but one act of appellant. i. e., the firing of his pistol.

**3.—Same—Continued.**

We suggest the doubtful propriety of attempting to vary from es-
tablished precedents in charging upon issues often discussed before this
court. This court has in many cases laid down what it deems correct
charges in this regard. See Matthews v. State, 42 Tex. Crim. Rep. 31
and numerous other cases cited.

Appeal from the Criminal District Court of Harris County.
Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of manslaughter, penalty two
years in the penitentiary.

The opinion states the case.

*Woods, King & John,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the Criminal Dis-
trict Court of Harris County of manslaughter, with punishment
fixed at two years in the penitentiary, this appeal is taken.

The principal complaint in this case is of a part of the
charge submitting the issue of provoking a difficulty. Said
charge is as follows:

"You are instructed that under the law no person can bring
on a difficulty for the purpose of taking the life of his ad-
versary or doing him serious bodily injury and then justify
himself under the law of self-defense; and in this case if you
believe from the evidence, beyond a reasonable doubt, that
the defendant provoked a difficulty with the deceasd by firing
on the deceased with a pistol, then he could not claim the
right of self-defense."

This was excepted to.

The facts is this case justified a charge on the issue of
provoking a difficulty. The acts and words of appellant—
stopping his car as he did—accosting the deceased in the man-
ner and with the language used—the use and display of a pis-
tol, etc., preceding the attack upon him by deceased, defend-
ing against which he claimed the right to shoot and kill de-
ceased—were circumstances which, under a proper submis-
sion of the issue of provoking the difficulty, might be de-
termined by the jury as supporting the conclusion that in
what he said and did appellant intended to provoke deceased
to attack him so as to have a pretext to kill the latter.

The charge given on this subject, however, is open to ob-
jection. The court was submitting the law of self-defense

and instructing the jury as to appellant's rights in that regard. A consideration of the facts suggest that if deceased was attacking appellant, as the latter claimed, it was because of the acts and conduct of appellant before deceased got an axe and advanced upon appellant. If this theory was true and the words, acts and conduct of appellant resulted from an intention on his part to thus provoke an attack to be used as a pretext for killing deceased, then and in that event he could not justify on the ground of self-defense. The court apparently undertook to so tell the jury, but wholly failed to take into account the question of the intention of appellant, and further assumed to select one act of appellant, i. e., the firing of a pistol, and told the jury that if by this act appellant provoked a difficulty he would have no right of self-defense. We perceive no reason for believing that appellant fired the pistol to provoke a difficulty. Appellant's contention was that the firing of the pistol was his first act of self-defense, and the State's testimony showed that same was his first active act of offense after the use of the words and conduct which might be deemed provocative. If the words and acts of appellant preceding the firing of the pistol were not intended to provoke the difficulty, then the issue of provoking a difficulty is not in this case. We suggest the doubtful propriety of attempting to vary from established precedents in charging upon issues often discussed and before this court. This court has in many cases laid down what it deems correct charges in this regard. Matthews v. State, 42 Texas Crim. Rep. 31; Tardy v. State, 47 Texas Crim. Rep. 444; Roberson v. State, 83 Texas Crim. Rep. 238; Woodward v. State, 54 Texas Crim. Rep. 88; Prescott v. State, 54 Texas Crim. Rep. 485; Gray v. State, 61 Texas Crim. Rep. 454.

The other errors complained of do not appear to us to be serious.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*