## RUDOLFO PONCE V. THE STATE.

No. 22986. Delivered January 31, 1945.
Rehearing Denied March 28, 1945.
Request for Leave to File Second Motion for Rehearing Denied April 18, 1945.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, and *M. C. Gonzales,* and *Grover C. Morris,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder with malice, and given a term of twenty-five years in the penitentiary.

The trial court charged the jury on the issue of provoking the difficulty upon the part of appellant, and on account of the giving of such charge appellant's attorney makes a contention of error herein.

The facts relied upon by the State show that two girls and four boys were standing on the sidewalk in the town of Devine in front of a drug store on January 8, 1944. That appellant, a Mexican youth seventeen years old, and another Mexican were together at such place. That appellant passed around these two girls, between them and the drug store, and bumped one of them on the shoulder. She asked him "What was he doing, trying to knock me off the sidewalk," and his reply was "Shut your mouth." She then told appellant to shut his mouth, and they kept this us a few times. Eventually appellant began cursing, and the deceased then told him to stop such cursing, appellant being some twenty-five or thirty feet away from the two girls and four boys. According to one witness, the appellant was cursing and said: "God damn son of -, go to hell, and something else; I don't remember just what it was; Cotton (deceased) asked him to please stop that cursing, and he kept it up and said if you think you are big enough come down and make me.

Then these two boys, Joe and Cotton (brothers) walked down towards him, and I don't know exactly what happened; one was a little in front of the other, and I saw this boy there (the defendant) step forward toward the smaller boy Joe, and I heard some one say: 'Watch out, he has a knife,' and then Cotton asked if he had a knife, and he said there was something in his hand. I did not understand, I was too far away."

Joe Williams was fifteen years old, and his brother Cotton or Carrol was sixteen years old. He, in company with his brother, and followed by two other boys, went down where appellant was cursing, Joe being in front, and appellant moved forward and struck Joe with his knife, inflicting a wound about six inches from the navel; Joe then holloed, and said "he has a knife," and the deceased then struck appellant with his fist, and appellant stabbed the deceased three or four times, and they fought some few licks, and the deceased walked away into the drug store. Carrol died in a few days from a stab wound about six inches deep, both edges showing a sharp instrument, a double edge instrument, and evidenced a twist probably given the instrument after it entered the body. The cut nicked the mesentery, the border of the spleen, a lobe of the liver, and the border of the descending colon, and caused death.

Appellant admitted bumping into the girl, and testified that she said to him, shut up, you dirty Mexican, when he told her to excuse him. That then these two boys that he cut told him to shut up, and they came towards him, and he got out his knife and told them that he would cut them, and the two Williams boys came on, and one of them hit him and he cut him, and then the other boy came in and he stabbed him to protect his own life . That he then threw his knife away; it was a cheap ten-cent store knife, and he did not know where it was at the time of the trial.

There is the contention presented to us alleging error because of the fact that the trial court charged upon a provocation of the difficulty, thus limiting the right of appellant's self-defense provided the jury believed that such a provocation occurred upon the part of appellant. Doubtless the trial court based such a charge mainly upon the testimony above set forth of Willie Roberta Smith, the young lady who was present at the time of the fatal difficulty, and in company with Miss Redus who was the young lady bumped into by the appellant. Each one of the State's witnesses present at the difficulty testified that appellant was cursing, some saying he said "damn and go to

hell, and all like that, * * * and if he (the deceased) thought he was big enough to come down and try to stop him." The only witness who attempted to say what appellant said while cursing was Miss Smith, who testified appellant said "God damn son of a -, go to hell," and when asked to stop cursing, replied "if you think you are big enough, come down and make me."

In the case of Flewellen v. State, 83 Texas Cr. R. 568, 204 S. W. 657, Judge Davidson said: "It is also laid down by the authorities that if the testimony for the State shows that defendant sought deceased with intent to provoke a difficulty and offered him an insult before the shooting started, it is not error to charge on provoking the difficulty. Barstado v. State, 48 Texas Crim. Rep. 255; Gray v. State, 61, Texas Crim. Rep. 454; Sorrell v. State, 74 Texas Crim. Rep. 505. It is also held that it is not error to charge on provoking the difficulty if there is testimony to the effect that defendant first cursed deceased before either made an assault, and the State's theory is that defendant made the first assault and defendant's theory is self-defense. Coleman v. State, 25 S. W. Rep. 772; Bateson v. State, 46 Texas Crim. Rep. 34, 80 S. W. Rep. 88. And where there is testimony that defendant cursed deceased and deceased picked up a stick and started toward the defendant, this raises the issue of provoking the difficulty, and it was not error on the part of the court to so instruct the jury. Tardy v. State, 47 Texas Crim. Rep. 444, 83 S. W. Rep. 1128; Best v. State, 61 Texas Crim. Rep. 551, 135 S. W. 581. Again it was said in Sanders v. State, 83 S. W. Rep. 712, that the issue of provoking the difficulty is raised by testimony when defendant called prosecutrix a bitch, and that prosecutrix then hit defendant with her fist, and that defendant then struck her with a hatchet."

In the case of Joyce v. State, 90 Texas Cr. R. 265, 234 S. W. 895, 896, it was shown that Joyce was charged as a principal with John Lewallen in the killing of one Zurevec. Testimony on the part of the State was present that Lewallen had called the deceased a s-n of a b-h, to which deceased replied that if he was such a named person, then so was Lewallen. The trial court charged upon a provocation of the difficulty upon the part of Lewallen under the doctrine of principals, and Judge Hawkins said therein: "We find ourselves unable to agree with appellant's contention that the court should not have charged upon provoking the difficulty. Under all the evidence we are led to believe this issue was fairly raised. But having limited Lewallen's right of self-defense by so charging, and thereby appellant's also, the court should have given the converse of the charge in

order to apprise them what the right of accused would be under the law in the absence of an intent to so provoke a contest. A failure to charge the converse has many times been held error. Branch's Ann. P. C. Vol. 2, Sec. 1958, and many cases collated."

Again in the case of Lewellen v. State, 90 Tex. Cr. R. 588, this court held that the testimony set forth in the Joyce case, supra, was sufficient to call for a charge on provoking the difficulty.

In the case of Tardy v. State, 47 Tex. Cr. R. 444, 83 S. W. 1128, the evidence shows that the deceased said to the accused: " 'Come right here, old man, I want to talk to you.' Defendant then said, 'I have no talk for you, you big-bellied son of a bitch'." Based on these words the trial court charged the jury on a provocation of the difficulty upon the part of the accused, and this court held the same to have been proper.

In the case of Sanders v. State, 83 S. W. 712, two women were in the presence of a policeman, the accused claiming that the other woman was armed, and demanded that the officer search her; this the officer did and found no weapon; whereupon the accused said: "That little redheaded bitch there has been carrying a gun for me about six months." The assaulted party then said: "Do you mean to call me a bitch? You know you are telling a dirty lie when you say I carry a gun for you," and immediately struck the accused with her fist. When she did this the accused struck her on the head with the sharp edge of a hatchet, inflicting a severe wound. This court said: "We are of the opinion that the evidence for the state is sufficient to justify the court in submitting the issue of provoking the difficulty. This language was calculated to bring about a difficulty, and, if it was used for that purpose, then unquestionably it would be justification on the part of the court submitting the issue. While this insulting language would not justify the other party in striking, at the same time that would not necessarily relieve it of being sufficient provocation to bring about the difficulty."

We think the matters shown by the State as to appellant's conduct just prior to the killing of Carroll Williams were reasonably calculated to provoke the difficulty. They did provoke such a difficulty in which this Williams boy lost his life, and we think the facts herein shown called for such a charge.

Appellant also complains because the court failed to instruct the jury relative to certain exculpatory statements contained

in a certain confession signed by appellant. We think the answer to such contention would be that the State did not introduce the whole statement, but in its offer it excluded certain portions thereof that might have tended to exculpate appellant, and appellant offered the remaining portion of such statement. We think this procedure to be proper. See Wooten v. State, 121 Tex. Cr. R. 462; Keith v. State, 103 Tex. Cr. R. 636, 282 S. W.. 251; Vernon's Ann. C. C. P., Art. 727, note 5.

We find no error in the record, and the judgment is therefore affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that he was, under the facts, entitled to a charge submitting the law of assault with intent to murder.

Our attention was not heretofore directed to the fact that the statement of facts was not filed within the time required by law and could not therefore be considered.

It appears that notice of appeal was given on the 14th day of June, 1944. The statement of facts was not filed until September 15, 1944, which was ninety-two days after notice of appeal was given.

Under the express provisions of Article 760, C. C. P., the statement of facts in order to be considered must be filed within ninety days "from the date the notice of appeal is given."

Without a statement of facts, errors alleged in the charge are not subject to be reviewed by us.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a request for leave to file second motion for rehearing, presenting circumstances seeking to excuse the

delayed filing of the statement of facts. We think it unnecessary to consider whether the delayed filing was excusable. The statement of facts was considered upon original submission, our attention not then having been called to the filing date. We remain of the opinion that the appeal was properly disposed of with the statement of facts before us. Hence, the motion for rehearing was correctly overruled, regardless of the date of filing the statement of facts.

For the reasons stated, the request for leave to file second motion for rehearing is denied.