ARTHUR STOLLEIS V. THE STATE.

No. 23289. Delivered February 13, 1946.
Rehearing Denied March 20, 1946.

The opinion states the case.

*G. L. Patterson,* of Cuero, and *H. Duncan* and *Duncan & Davis,* all of Gonzales, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for aggravated assault in which the jury assessed a penalty of $500.00 fine and six months in the county jail.

The injured party was the Sheriff of DeWitt County. He and appellant were attending a stag barbecue. The trouble took place in the evening of May 30th, 1945, shortly after dark and after the meal had been served. The Sheriff had been engaged in the preparation and serving of the meal while appellant had been watching gambling on the grounds, both by playing poker and shooting craps. While appellant did not testify in the case it appears from others that he became incensed at the presence and participation in the crap game, of what he termed a professional gambler, who was doing some unusual winning, and assaulted him, demanding that he quit the game. This disturbance was soon quelled without the interference of the Sheriff. Soon thereafter some person became concerned because of a threatened revival of the trouble and the Sheriff was called in. He first approached the other party in that controversy and asked him to desist and then approached the appellant who by this time took the position of a crusader against gambling and began to abuse the Sheriff for permitting it to go on contrary to law. He applied to the Sheriff, according to the evidence of several parties present, the vilest epithet possible according to the ordinary viewpoint. He called him a " - - - - - - s-- of a b---- of a sheriff." At this time the Sheriff said his hand "just went off," and he slapped appellant a stunning blow. Appellant returned to him with an open knife and inflicted two wounds, one on the abdomen and the other on the arm, either of which might have had serious results.

We have but one question presented on this appeal. In submitting the case to the jury the court charged on self-defense and on the law of provoking the difficulty, as applied to the conduct of appellant. A very exhaustive brief with a plausible argument is presented in behalf of appellant on this question. A number of authorities are cited but we are of the opinion that they do not sustain the contention. Humphrey v. State, 165 S. W. page 589, is the last case cited in the line of decisions. In that case the court held that the only evidence of provoking a difficulty "* * * was by the deceased going upon the premises of appellant under the circumstances detailed by the witnesses." It was the deceased who cursed appellant in that case.

We are unable to find among the authorities cited by appellant a case inconsistent with the holding of this court in such

cases as Tardy v. State, 83 S. W. 1128; Moore v. State, 258 S. W. 476; Crowley v. State, 35 S. W. (2d) 437; and Ponce v. State, 186 S. W. (2d) 270. This line of decisions controls the question in the estimation of the court.

Finding no error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant renews his insistence that the charge on provoking the difficulty was not authorized under the facts.

In addition to what was said originally in disposing of the contention, note is taken of the fact that the accusation against appellant—as set forth in the indictment—was that of assault with intent to murder. The conviction was for aggravated assault under that accusation.

The charge on provoking the difficulty was a limitation upon appellant's right of self-defense against the deadly attack of the injured party, under the accusation of assault with intent to murder.

In submitting self-defense to aggravated assault, the trial court accorded appellant the full and perfect right to defend against any unlawful attack of the injured party, unlimited by provoking the difficulty or otherwise.

The jury having acquitted appellant of assault with intent to murder and having convicted him of aggravated assault, we are unable to see wherein the charge of provoking the difficulty entered into that conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.