LEE WAMPLER V. STATE.

No. 25009. December 20, 1950.

McLean & McLean, by W. P. McLean, Ft. Worth, and Joe Reeder, Jr., Knox City, for appellant.

T. R. Odell, (Special Prosecutor) Haskell; D. J. Brookreson, II, District Attorney, Seymour, and George P. Blackburn, State's Attorney, Austin, for the State.

BEAUCHAMP, Judge.

Lee Wampler was convicted of murder with malice an sentenced to ten years in the penitentiary.

Appellant was a night watchman and police officer in Knox City. The deceased had an eating place in the town, the back door of which was near the rear of the post office building. It was appellant's duty to make regular rounds to the places of business where he punched his clock at stated places. He would examine the back doors of various buildings and, customarily, would test them to see if they were locked.

On the night of the fatal shooting the deceased and a woman who worked for him were in the rear of the restaurant, after closing time. She had prepared something for him to eat and was fixing to retire to a room in connection with the restaurant where she slept. They heard a noise which she described as sounding like something knocking. The deceased went to the back of the premises, through the door, and soon thereafter returned and was trying to enter, according to the evidence of the woman, when he was shot by appellant.

Appellant pleaded self-defense, claiming that the deceased shot at him first and that he was actually struck by one of the bullets, while others from the gun of the deceased hit the wall of the post office building nearby. When the officers arrived, a few minutes after the shooting, a pistol was found little more than a foot away from the hand of the deceased.

Further evidence in the case as developed by the investigation which followed furnishes but little support for the state's theory of the case and there is no basis for the charge which

the court gave on provoking the difficulty—which presents the only question supporting the claim for reversal of the case.

The court gave the following charge:

"You are further instructed as a part of the law in this case that if you believe from the evidence, beyond a reasonable doubt, that the defendant, Lee Wampler, sought the meeting with the deceased, Guy Milford, for the purpose of slaying the deceased, Guy Milford, and having found him did some act, or used some language, or did both, with the intent to produce the occasion and bring on the difficulty, and that the same under the circumstances, was or were reasonably calculated to provoke a difficulty, and on such account the deceased, Guy Milford, attacked the defendant, Lee Wampler, and the defendant Lee Wampler, then killed deceased, Guy Milford, in pursuance of his original design, then the defendant, Lee Wampler, cannot justify on the ground of self defense, but such killing would be murder."

The defendant objected to the foregoing paragraph of the charge on the ground that there was no evidence to support it; that the language in which it is couched is a comment on the weight of the evidence; and that it shifts the burden of proof from the state to the defendant.

The brief filed in this case by the state's attorney says that it is thought that there is evidence raising the issue " * * * even if somewhat sketchily". The brief does not then enumerate the sketchy evidence relied upon and our examination of the record fails to reveal it. The only testimony that could possibly bear on the subject is that of the woman who said that they heard a noise on the outside which caused the deceased to go out. Her description of the noise is: "* * * at that time there was a racket by the side of the house * * *"; and that "it was just something like that (knocking on the wall.) The racket was to the back. The window is west of the back door. * * * I heard the noise and Mr. Milford (the deceased) said 'I am going to see what that is.'"

There is nothing to indicate that this noise was anything unusual or such as to arouse the resentment of the deceased or to provoke him into firing the shots about which appellant testified. It is our conclusion that the evidence is wholly insufficient to support the charge and that it materially affects his right of self defense. According to the evidence of appellant, supported by the finding of the pistol near the deceased and the

evidence of bullets fired into the wall nearby, defendant had reasonable grounds for believing that his life was in danger.

For the error in the charge, the judgment of the trial court is reversed and the cause is remanded.