REUBEN MORRISON v. STATE.

No. 26,316. April 1, 1953.

B. R. Reeves, Palestine, and Stone & Stone, by Richard L. Stone, Jacksonville, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, five years.

The scene of the homicide was a rural section of Anderson County. The participants were farmers, who lived near each

other and who had been having difficulties arising out of the fact that appellant's stock had been depredating upon the property of deceased.

The wife of deceased testified that on the fatal morning the appellant and members of his family came to her home in his automobile, inquired of deceased if he had seen their mule, drove down the road approximately 75 yards, brought the automobile to a stop, and the appellant got out. She testified that appellant called out, "Come here Andrew, we are going to talk this over man for man"; that her husband replied, "Okey Reuben, I will be there just in a minute"; that he went in their house; that she heard him open the trunk where he kept his pistol; that he came out of the house, and went up the road toward the appellant. She stated that when her husband got within 50 feet of appellant, the appellant reached in his automobile, got a shotgun and fired at her husband; and shortly thereafter appellant and his family left.

Appellant and his witnesses testified that he shot deceased in his own self defense, because deceased was in the act of drawing his pistol at the time he shot. Under appropriate instructions, the jury resolved this issue against the appellant. The principal question presented for review is the propriety of giving a charge on provoking the difficulty under the facts of this case.

As stated, there had been some difficulty between the accused and deceased growing out of the fact that appellant's mules had been breaking his fences and eating deceased's growing crops. In rural communities, serious animosities over such matters often ripen; however, the existence of animosity plus an invitation to discuss the same does not, in itself alone, constitute the provocation of a difficulty so as to deprive the person who makes the invitation of his full right of self defense.

While it is true that words alone may provoke a difficulty, they must clearly be designed to do so. The state would have us take judicial knowledge of the colloquial meaning of the expression "man for man." This we cannot do. Without any testimony in the record as to the meaning commonly given such expression in the community involved in the prosecution, we are powerless to read into such expression something not apparent on its face.

The record before us would not support a finding by the jury

that appellant's statement, "Come here Andrew, we are going to talk this over man for man," caused or was calculated to cause the deceased to make an attack upon appellant with a pistol, nor would the evidence support finding by the jury that appellant made the remark with the intent to provoke an attack by the deceased which would afford appellant an apparent excuse to kill him.

The judgment is reversed and the cause remanded.