**Filmon TAVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60697.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 22, 1981.

Rehearing Denied Sept. 23, 1981.

---

A. D. Clark, III, Dist. Atty. and William D. Saban, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. V.T.C.A., Penal Code Sec. 19.-02(a)(1). Punishment was assessed at life imprisonment.

■ Appellant contends that the evidence is generally insufficient to support the conviction; however, he does not grace us with references to the record or citations to authority in support of this ground of error. See *Phillips v. State*, 511 S.W.2d 22, 26 (Tex.Cr.App.). Our review of the record satisfies us that sufficient evidence was presented to support the conviction.

Appellant has, however, preserved reversible trial error in this cause.[1] He contends that the trial court erred in limiting his self-defense charge with an instruction on "provoking the difficulty." The State's theory of this case was that appellant shot the deceased without any provocation whatsoever. The appellant testified that he shot the victim after the victim assaulted him. He testified that this transaction with the deceased arose after he was involved in an argument with a third person.

■ If not called for by the facts, a charge on provoking the difficulty constitutes an unwarranted limitation on the right of self-defense. *Dirck v. State*, 579 S.W.2d 198, 203 (Tex.Cr.App.); *Garcia v. State*, 522 S.W.2d 203, 206 (Tex.Cr.App.). This charge is applicable in those cases in which the first attack is made by the deceased, *but is induced by words and conduct of the accused reasonably calculated and*

Michael E. Gazette and Mike A. Hatchell, Tyler, for appellant.

---

1. Although the State contends that appellant presented no objection to the charge, a review of the record reveals such an objection suffi-cient to preserve error under *Dirck v. State*, 579 S.W.2d 198, 202–03.

*intended to provoke an attack which may be used by his as an occasion for doing harm to his adversary. Dugan v. State*, 86 Tex.Cr.R. 130, 216 S.W. 161, 164; see also *Howle v. State*, 119 Tex.Cr.R. 17, 43 S.W.2d 594, 595.

■ From our review of the entire record we find no evidence establishing words or conduct of appellant reasonably calculated and intended to provoke an attack which may be used by the appellant as an occasion to kill his adversary. Rather, even accepting the State's theory completely, we find that the instruction was completely unwarranted since the State's case established that the killing of the deceased was completely unprovoked.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, dissenting.

Appellant was convicted of the murder of Curtis McDaniel, Sr. The State proved three prior convictions for robbery by firearms. The jury assessed punishment at life in the Texas Department of Corrections.

To understand the law applicable to this case, it is necessary to set out the facts in some detail.

Sammie McDaniel, son of the deceased, testified that he, his father, Curtis, Sr., and his brother, Curtis, Jr., were at a bootleg club in Smith County the night of December 5, 1976. Also at the club was appellant. Sammie McDaniel testified that at 1:00 a. m., appellant came out of the bedroom of the club with a pistol and shotgun. Appellant shot into the ceiling and ordered everyone outside while waving the guns and cursing. As they got outside, appellant shot and killed Curtis McDaniel, Jr. and Curtis McDaniel, Sr., without reason. Appellant was then wounded by a shot from Sammie McDaniel's gun.

Appellant's version of the facts was somewhat different than McDaniel's. Appellant testified that the owner of the club and one Nolan Jones were arguing over whether Jones had cheated the owner out of 15¢ in paying for a beer. Jones asked appellant his opinion. Appellant claimed to have no knowledge of whether the beer had been paid for fully. Jones cursed appellant and called him a liar. Appellant then swung at Jones. After being pulled apart, appellant admitted going into the bedroom and coming out with a .38 pistol which he fired into the ceiling. Appellant went back to the bedroom and retrieved a shotgun and followed Nolan Jones, the McDaniels and other patrons outside. Jones and appellant were cursing each other. Jones began to leave. McDaniel, Sr. then charged appellant. McDaniel, Sr. struck appellant and knocked him down. Appellant saw something in McDaniel, Sr.'s hand. McDaniel, Sr. charged again and appellant fired the .38 three times, killing McDaniel, Sr. Curtis McDaniel, Jr. then attacked appellant. During the ensuing struggle, the pistol discharged, killing Curtis, Jr. Sammie McDaniel then wounded appellant, drawing the night's activities to a close.

Appellant's testimony raised the issue of self-defense.

Finally testifying for the defense was Harold Friend, who testified there was an argument between appellant and Jones. Appellant went into the bedroom and got the guns:

"A. Then like I told you while ago, he told Sammie to get his hands out of his pocket; then he said, y'all move, you know.

"Q. All right.

"A. Then they didn't move, and then he said y'all move again, and he shot that .38 through the trailer house."

Everyone then moved outside. Before leaving, Friend saw McDaniel shove appellant. Friend left and heard no shots.

The trial court charged the jury on self-defense. The court also charged that if the defendant intentionally provoked the victim and had not abandoned the encounter then the defendant could not avail himself of self-defense. Appellant complains that no evidence raised the provocation issue and does not complain of the form of the charge.

A charge on provoking the difficulty is a limitation on the right of self-defense. It is designed to prevent a person from intentionally provoking another to violence, then using that violence as an excuse to retaliate. *Muckleroy v. State*, 165 Tex.Cr.R. 629, 310 S.W.2d 315 (1958).

In *Norwood v. State*, 135 Tex.Cr.R. 406, 120 S.W.2d 806 (1938), the Court said:

"... [I]f there be such evidence, [that the defendant provoked the violence] it would be the duty of the court to submit the law of such issue, even though the trial court might believe the evidence on the part of the accused to rebut the theory of provoking the difficulty. The determination of whether the issue be sustained or rebutted would be for the jury...."

And in *Ervin v. State*, 367 S.W.2d 680 (Tex. Cr.App.1963), this Court held, quoting *Norwood v. State*, supra:

" ' * * * In every case where the acts and conduct of the accused were the cause of an attack upon him, the question of whether they were reasonably calculated to provoke the difficulty are questions of fact for the determination of the jury under appropriate instructions from the court.' "

To determine then whether appellant's actions in this instance were such as to justify a charge on provoking the difficulty, it is necessary to examine fact situations in other cases that have justified such a charge.

In *Tew v. State*, 379 S.W.2d 893 (Tex.Cr. App.1964), the Court held that the defendant's action of going to the victim's house, standing by the car with a shotgun, and telling someone near the victim to get out of the way, could be considered by the jury in determining whether the defendant intended to provoke the victim and whether his actions did provoke the victim. Therefore, a charge on provoking the difficulty was warranted.

In *Morrison v. State*, 156 Tex.Cr.R. 424, 256 S.W.2d 410, 411 (1953), it was held that words alone spoken by the defendant may provoke the difficulty thereby justifying a charge on provoking the difficulty. See also, *Keeton v. State*, 59 Tex.Cr.R. 316, 128 S.W. 404 (1910).

*Norwood v. State*, supra, indicates the provocation of the victim may be by the action of the defendant toward a third person.

In *Hollman v. State*, 87 Tex.Cr.R. 576, 223 S.W. 206 (1920), there had been an earlier flight between the victim and the brother of the defendant. The defendant had possessed a knife at the fight. Later that night the defendant and his brothers came upon and around the victim on the road and demanded an apology. The victim then charged at the defendant who killed the victim. This Court held a charge on the provocation of the difficulty was justified by that evidence.

In *Christesson v. State*, 172 Tex.Cr.R. 27, 353 S.W.2d 218 (1961), it was held that where the defendant pursued the victim from a cafe to a park, assaulted the victim with a club at that point, continued to chase the victim while ramming the victim's car and finally approached the victim once more with a club, a charge on provoking the difficulty was proper. It has been held proper to give a charge on provoking the difficulty where there is evidence that the defendant cursed the victim and the victim then attacked the defendant, *Tardy v. State*, 47 Tex.Cr.R. 444, 83 S.W. 1128 (1904). *Sanders v. State*, 83 S.W. 712 (Tex.Cr.App. 1904), was a case in which this Court held that when the defendant called the victim a bitch and the victim then swung at the defendant with her fists, prompting the defendant to respond with a hatchet blow to the victim's head, a charge on provoking the difficulty was proper.

The majority cites two cases, *Dugan v. State*, 86 Tex.Cr.R. 216 S.W. 161 (1919), and *Howle v. State*, 119 Tex.Cr.R. 17, 43 S.W.2d 594 (1931). In *Dugan* and *Howle*, the State's evidence showed an unprovoked attack by the defendant upon the victim while the defense evidence showed an initial unprovoked attack by the victim on the defendant. The Court, in those cases, said

if the victim made the initial attack and was unprovoked, then it was self-defense. If the defendant actually attacked first, then he was guilty. The Court said only if the victim attacked first in response to provocation would a charge on provoking the difficulty be justified. *Dugan* and *Howle* and other cases citing those cases seem discordant with cases such as *Tapely v. State*, 158 Tex.Cr.R. 495, 256 S.W.2d 583 (1953). *Tapely* seems more liberal in allowing a provoking charge and allows one if the evidence shows that the defendant attacked first and the victim responded with an attack of his own after which the defendant continued his violence. This seeming conflict appears to center around the fact that the distinction between what is a provocation by acts and what is an initial attack is often murky. However, even under the *Dugan* and *Howle* rule stated above, a charge on provoking the difficulty was clearly justified in this instance.

From the evidence presented the jury could find that the victim attacked the appellant first, but only after he was provoked to do so by the appellant's fighting with Jones, his cursing, his arming himself with two guns and pointing them about, his firing of one gun, and his ordering the victim and his sons out of the bar and into the parking lot at 1:00 a. m. at gunpoint.

The jury has the right to accept or reject any or all the testimony they hear and give it such weight as they deem that it deserves. *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975). Certainly, in light of what this Court has previously held to be sufficient to warrant an instruction on provocation, the trial court could charge the jury concerning provocation of the difficulty.

Because the evidence raised the issue as to whether appellant provoked an attack by the victim, I dissent.