Donald Whitt BENNETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–83–022–CR.

Court of Appeals of Texas,
Texarkana.

June 26, 1984.

Discretionary Review Granted
Oct. 31, 1984.

Michael P. Gibson, Dallas, for appellant.

Richard Dan Meehan, Bonham, for appellee.

CORNELIUS, Chief Justice.

Donald Whitt Bennett was convicted of murder and sentenced to ten years confinement. Because we find that his right of self-defense as presented to the jury in the

charge was improperly limited by an inapplicable charge on the law of defense of a third person, we reverse the judgment and remand the cause for a new trial.

Bennett was disturbed at the relationship between his eighteen year old daughter and her boyfriend, Mark Rattan. He went to Rattan's home, and by pointing a gun in his face, attempted to scare him into terminating the relationship. Tom DeRushia and a member of Rattan's family saw the occurrence. DeRushia armed himself, went to Bennett, pointed a gun at him, placed his hand on his shoulder, and told him to get his gun out of Rattan's face. At that point Bennett wheeled around and shot DeRushia.

Bennett claimed self-defense, and the trial court gave a proper charge on the law of self-defense. The court continued, however, and over Bennett's objection also gave a charge on the law of defense of a third person based largely on the reasonableness of DeRushia's belief and conduct.[1]

■■■ Tex. Penal Code Ann. § 9.33 (Vernon 1974)[2] provides for a person's limited right to use deadly force against another to protect a third person. The statute, however, is only applicable where the *defendant* in a criminal prosecution seeks to excuse or justify his conduct on the basis that he was protecting a third person. *See* 1 Branch, Texas Annotated Penal Statutes § 9.33 (3rd ed. 1974), and § 1.07(a)(2) (Supp. 1983). If there is no evidence that the defendant was acting to aid a third person, the charge should not be given. *Brooks v. State,* 548 S.W.2d 680 (Tex.Cr.App.1977); *Simmons v. State,* 145 Tex.Cr.R. 619, 170 S.W.2d 742 (1943); *Conn v. State,* 143 Tex. Cr.R. 367, 158 S.W.2d 503 (1941); *Duncan v. State,* 140 Tex.Cr.R. 606, 146 S.W.2d 749 (1940); *Constancio v. State,* 643 S.W.2d 153 (Tex.App.—Austin 1982, no pet.). There was no evidence in this case that Bennett was acting to protect a third person, and the giving of a charge on that defense was misleading to the jury and improperly limited Bennett's right of self-defense by hinging it upon what DeRushia believed and the reasonableness of his conduct rather than that of Bennett, the defendant. *See Tave v. State,* 620 S.W.2d 604 (Tex.Cr.App.1981).

In view of our disposition of this point, it is not necessary that we consider Bennett's

---

1. A person is justified in using deadly force against another to protect a third person if: (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under the preceding sections of this charge dealing with the law of self-defense in using deadly force to protect himself against unlawful deadly force which he reasonably believes to be threatening the third person he seeks to protect; and (2) the actor further reasonably believes that his intervention is immediately necessary to protect the third person.

   However, under the law of defense of another, unlike under the law of self defense (sic), the actor is under no duty to retreat even though a reasonable person in the actor's situation would have retreated.

   All persons are presumed to know the law. If you believe from the evidence beyond a reasonable doubt that at the time and place in question Frederick Thomas DeRushia reasonably believed that the defendant, Donald Whitt Bennett, was using or attempting to use unlawful deadly force against Mark Rattan and that said Frederick Thomas DeRushia reasonably believed that the use of deadly force when and to the degree he used the same was immediately necessary to protect Mark Rattan and you further believe from the evidence beyond a reason-

able doubt that the defendant, Donald Whitt Bennett, as viewed from his standpoint alone, did not reasonably believe that Frederick Thomas DeRushia was using or attempting to use unlawful deadly force against him, you will find against the defendant on his plea of self-defense. But if you do not so believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will determine the defendant's right of self defense (sic) in accordance with the instructions of this charge under No. 4 above dealing with the right of self-defense and give no further consideration to the instructions under No. 5.

2. A person is justified in using force or deadly force against another to protect a third person if:

   (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

   (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

other grounds of error. The judgment of the trial court is reversed and the cause is remanded for a new trial.